T. N. W. Horn and J. R. G. Horn, plaintiffs in error, vs. Mary E. Bird, defendant in error.

(McCay, Justice, did not preside in this case, having been of counsel.)

When a judgment was rendered against the defendants, as administrators, and the Clerk issued an execution thereon, in favor of the plaintiff, commanding the sheriff to make the money due on the judgment of the goods and chattels, lands and tenements of the intestate, in the hands of the administrators, and in default thereof, of the goods and chattels, lands and tenements of the administrators, in their individual capacity:

Held, That the execution so issued was illegal, on the statement of facts disclosed by the record:

Held, also, That the affidavit of illegality was amendable on the motion made therefor by the defendant.

Illegality.   Award.   Amendment.   Before Judge Clarke. Sumter Superior Court.   October Term, 1871.

The questions in this case arose upon an affidavit of illegality filed to an execution in favor of Mary E. Bird against

T. N. W. Horn and J. R. G. Horn, issued from the Superior Court of Sumter county, on March 3d, 1871, for the sum of $1,626.60 principal, besides interest in costs. The execution was directed to the proper officers of the State, and commanded them to cause to be made the aforesaid sum of money from " the goods and chattels, lands and tenements of John E. J. Horn, in the lands of Joel R. G. Horn and Thomas N. W. Horn, administrator, and in default thereof, of the goods and chattels, lands and tenements of said Joel and Thomas." This execution was issued upon an award in a certain equity cause pending in Sumter Superior Court, the only material portion of which is as follows: "We further award that the said Joel R. G. Horn and Thomas N. W. Horn, as administrators of the said John E. J. Horn, pay to the said Mary E. Bird the sum of $1,626.60, the amount due her as her share of the rents and profits, and interest thereon as above stated, after deducting the said amount of $444.00." The *fi. fa.* was levied upon the individual property of J. R. G. and T. N. W. Horn. The plaintiffs in error filed an affidavit of illegality, setting up the following grounds:

1st. That said execution, if legal, could not have been levied upon deponent's individual property until the property of the estate of J. E. J. Horn had been exhausted by levy and sale, which has not been done.

2d. That said execution has been levied on deponent's individual property, when the judgment, upon which it purports to have been founded, is simply a judgment generally against the estate of J. E. J. Horn.

3. That deponents, to the best of their knowledge and belief, and as they are advised, have paid off and discharged the interest of plaintiff in the judgment on which said execution is founded.

Defendant in error demurred to said grounds of illegality. Whilst the Court was delivering its judgment upon the demurrer, plaintiffs in error moved the Court "to allow them to make the following amendment to the affidavit of illegality,

the facts of which amendment deponents did not know of at the time the original affidavit of illegality was filed, for the reason that the receipts taken from plaintiff's attorney, showing the payments which had been made on said *fi. fa.* were not before defendants, but were at the time inaccessible. That defendants paid on said *fi. fa.* the sum of $1,200, on or about February 25th, 1870, and the balance due thereon they paid on or about December 6th, 1870." The Court overruled the motion to amend and sustained the demurrer, whereupon plaintiffs in error excepted.

HAWKINS & GUERRY, for plaintiffs in error.

W. A. HAWKINS; A. R. BROWN, represented by N. J. HAMMOND, for defendant.

WARNER, Chief Justice.

In this case there was an award made by arbitrators, in which they awarded that J. R. G. Horn and T. N. W. Horn, as administrators of J. E. J. Horn, do pay to Mary E. Bird the sum of $1,626.60, as the amount due her as her share of rents and profits, etc. This award was made the judgment of the Superior Court. An execution was issued by the Clerk in favor of Mary E. Bird, commanding the sheriff to make the money due on said judgment, of the goods and chattels, lands and tenements of J. E. J. Horn, in the hands of J. R. G. Horn and T. N. W. Horn, administrators, and in default thereof, of the goods and chattels, lands and tenements of the said Joel and Thomas Horn. The sheriff levied the execution on certain described land as the property of J. R. G. Horn and T. N. W. Horn. The defendants filed an affidavit of illegality to the execution, on the ground that the judgment was rendered against them as administrators, and should have been levied on the property of their *intestate*, and not upon their *individual* property, and that to the best of their knowledge and belief, the plaintiff's interest in the judgment had been paid off and discharged. The plaintiff

demurred to the defendant's affidavit of illegality, which demurrer was sustained by the Court, and the defendants excepted. The defendants made a motion to amend their affidavit of illegality which was refused by the Court, and the defendant excepted. In our judgment, the Court below erred in sustaining the demurrer to the defendant's affidavit of illegality on the statement of facts contained in the record: Code, 3515, 3581. The Court also erred in refusing the amendment offered by the defendant's to their affidavit of illegality: Code, 3450, 3429; 26 Georgia Reports, 617.

Let the judgment of the Court below be reversed.